The opinion of the court was delivered by
DtracAN, J.
Neither the writ of waste, nor an action on the ease in the nature of waste, appears to have been resorted to in this state. Generally, the remedy of the lessee has been, by an action founded on the contract. There are no printed cases. The writ of waste, id the common law courts of England, has become nearly antiquated, and the action on the case, in the nature of waste, substituted) but the usual remedy there, is, by proceeding in chan? eery..
This declaration is in case, in the nature of waste; it was so considered in the Court of Common Pleas; and in the argument taken up by the defendant in error, for the first time, it is attempted to be converted into a mere action of property, — trover and conversion. The court would willingly find any principle to support the judgment; but, if they do not shut their eyes on the record, they must see that the injury complained of is literally waste. It consists of a charge of rooting up, felling, cutting up, and prostrating, divers timber trees, namely, three apple trees, &c. The charge of the court, had relation to cutting up a fruit tree, and its decision was, that if a fruit tree be blown down by a tempest, the trunk or body of it belongs to the lessor, and that without showing any other title than his lease for years to the defendant below, the plaintiff in error, was entitled to damages for the conversion of such trunk, in this action on the case in the nature of waste. It would be carrying the doctrine — that a lessee cannot controvert the title of his landlord to the possession — further than justice and reason require. It is so far an acknowledgment of the right, that the defendant in a possessory action shall not be permitted to controvert it. He must restore the possession, and pay him his rent. Good faith requires this, but no more.
If this -had been a writ of waste, it could only be maintained by him who had the immediate reversion or remainder, in.fee or in tail, [Co. Litt. 54,) and the declaration must have shown how the plaintiff was entitled to the inheritance; but the prostration of this apple tree was neither voluntaiy nor permissive waste, for the tenant said it was committed by a great tempest of wind, and the judgment was for him. But we have the very case:' — “ If apple trees are torn up by a great tempest of wind, it is not waste if the lessee cuts them up.” 22 Vin. 449. And, to prove this, *274 Viner, who is the most accurate of abridgers, cites many authorities; so that, if the plaintiff had proved an estate of immediate inheritance, she could not have recovered in this action, though she ¡night in an action of trover, which is purely an action of property. But, not proving this, how could she have property in a tree blown down by the wind? It would be sometimes a most precious windfall, — whole forests have been uprooted by the wind, and then she might justly say, it is an ill wind, that does not blow good to somebody.
A lessee for years, may support an action on the case for voluntary waste, against his sub-tenant, for felling trees, timber and fruit trees; for he loses the shade, the mast or the fruit. He has a property, and a beneficial interest in them during the continuance of his lease; but here the question was, who had the right to the trunk of the fallen tree? If an undertenant takes planks fixed to the freehold, an action on the case lies against him by the first lessee. Jones, 224. 1 Com. Dig. Action on the Case, A. 2. p. 202. But the reason is, that he would himself be liable to the owner of the inheritance, for the waste. A landlord cannot maintain trespass, during the continuance of the lease; but if timber be removed, the owner of the inheritance may maintain an action on the case. Palm. 321. Cro. Car. 342. 1 Johns. Ch. Ill. Co. Litt. 57. a. Both the owner of the inheritance and the lessee have interests, and could have supported actions for the actual injuries. The lessee has shade, &c. and the owner the body of the tree; and whatever has been said by some, as to permissive waste being the subject of an action on the case, it must be taken with this qualification, — that if a lessee was bound to repair, and the roof was blown down, and he did not repair, by which injury was done to the building, the action would lie; but where the injury is involuntary, and irreparable, occasioned by tempest, lightning, &e. there this action will not lie; for the position is a general one, that an action on the case, in the nature of waste, will not lie against a tenant for years, for permissive waste. 5 Co. 13. The Countess of Shrewsbury’s Case. Harg’s Notes. Co. Litt. 57, a. And there is no reason that it should. The lessor may have an action on the covenant in his lease, or assumpsit, for the law implies a promise not to permit waste; but that is a very different case from an action of tort, like this. It is to be understood, that this does not touch on the other parts of the plaintiff’s cause of action. He may have a right to recover for voluntary waste, in felling timber or fruit trees by the defendant; but, so far as respects any recovery for the trees blown down by the winds, and cut up and converted by the lessee, whether she be owner of the inheritance or otherwise, she cannot recover in this form of action. In this, 1 am of opinion the court erred, and that the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.